## W. H. BEAZLEY v. JOHN MARAT et al.

**Nonresident — Appointment of Attorney for.**

> Attorney must be appointed, for nonresident constructively summoned, sixty days before judgment can be rendered against him.

**Void Sales.**

> Legal sales made for benefit of creditors, where affidavits are not made as required by section 251, Civil Code, are void.

APPEAL FROM GARRARD CIRCUIT COURT.

December 22, 1864.

OPINION OF THE COURT BY JUDGE PETERS:

Appellees claiming to be creditors of William H. Beazley brought separate actions against him for the amounts due them respectively, and upon grounds in their petitions, and affidavits

22

stated, caused attachments to be issued and levied upon his real and personal estate, all of which were sustained by the court below and the property ordered to be sold.

The sales made under the orders directing them were reported by the commissioners, approved by the court, and the proceeds distributed amongst the creditors entitled thereto in the order in which their liens were created under the attachments, and by which some of the creditors were postponed, the property being insufficient to pay them.

Of these final orders and judgments W. H. Beazley now complains, and his counsel for multifarious reasons insists that they should be reversed.

Appellees Robinson, Gill, Wheritt, and Lucy Beazley caused their attachments to be levied on *fifty* barrels of whiskey stored with, and then in possession of, Huffman, Duncan & Co., commission merchants of Louisville, who were made defendants to these actions, and in their answers alleged that the whiskey was consigned to them by appellants, for storage and sale upon commission; that upon the reception of the whiskey they advanced to him $500 in cash and he owed them said sum, besides an additional sum for cooperage, storage, etc., for which they exhibit an account and claim both to be due them, and claim that they had a lien on the whiskey superior to all others, and ask for a sale of so much thereof as will be sufficient to pay their debt.

A sale of the whiskey was ordered and Porch appointed commissioner to execute it. He was required to make the sale at the storehouse of Huffman, Duncan & Co., in Louisville, after publishing the time and place thereof in the Louisville Journal and Democrat for ten days, on a credit of three months, taking bonds from the purchaser, or purchasers, with *approved* sureties, payable to himself as commissioner, to have the effect of judgments, and he was authorized to sell the whiskey publicly or privately in his discretion.

The first objection urged to this order of sale is that the commissioner should not have had any discretion as to the manner of making the sale, but should have been required to sell publicly.

In answer to that objection, it is sufficient to say that the report shows on its face, and the fact is not controverted, that he did in fact sell the whiskey publicly to the highest bidder in lots to suit purchasers, and did not exercise the discretion given him,

and the mere insertion of the authority to make the sale in a different way did not prejudice appellant.

Nor does the next objection that the commissioner was required to take " approved " instead of good sureties from the purchasers seem to us to be entitled to any more weight than the preceding one; for if the word preferred by counsel had been used, the commissioner in the faithful discharge of his duty would have accepted such sureties as his judgment *approved* for their solvency and ability to pay, so that the word as used in the order must be regarded as synonymous in that connection with the one preferred by counsel.

Appellant was certainly constructively summoned only, and had not appeared when the several judgments were rendered by the court below; it was, therefore, necessary under section 440, Civil Code, before rendering the judgments, that an attorney should have been appointed sixty days before the same was rendered to defend for him and to inform him of the action and of such other matters as might be useful to him in preparing his defense.

In the cases which we are now considering, an attorney was in each action appointed, who according to the reports filed was prevented from giving the requisite information, because there were no mail facilities by which it could be done; it is true counsel suggests that the information might have been sent to appellant by other modes, some of which he says it was the duty of the attorney to adopt; none of these modes are named and certainly do not occur to the court. If, as seems not to be controverted here, appellant had by his own voluntary act placed it out of the power of the attorney to communicate with him in the ordinary way, and he was still bound to do it at the risk, to say nothing of the cost, that might be incurred to accomplish it, in cases like the present there would be very few attorneys who would accept such appointments.

Refunding bonds were executed by the plaintiffs in these actions as to them; therefore, the objections are not well taken. But Huffman, Duncan & Co. made their answers cross-petitions, and prayed for a sale of the whiskey to pay their claims, and were as against appellant plaintiffs seeking judgments against him; and before judgments could properly be rendered granting them the relief they sought they should have executed the bond prescribed

by section *supra* of Civil Code, and so far as the judgment is in their favor it was erroneous and must be reversed.

It is shown that the proceeds of all the real estate, slaves, and personalty are insufficient to pay the debts of appellant, and the third subsection of section 250, Civil Code, directs, after a sale of personal property and slaves has been made, " real property," or so much thereof as may be necessary to satisfy the plaintiff's demand, shall be sold, the manifest meaning of which is that if it is necessary for the payment of the demands of creditors to sell all the real estate, the court shall so adjudge, and if a sale of only a part thereof is necessary the court shall order a sale of only so much as may be necessary for that purpose. As then the whole of the real estate, personalty, and slaves proved insufficient to pay the demands against appellant, we cannot say that the court below erred in ordering a sale of the whole of the real estate.

John Marat, Seymour Hopper, Overton Terrill, Smith & Gallagher, E. B. Beazley, and Lucy Beazley, for whose benefit the real estate was sold, neither by themselves nor agent, made affidavits as required by section 251, Civil Code, without which no order for the sale thereof could have been legally made, and consequently the order for the sale of appellant's real estate was unauthorized and improper. Payne *v*. Witherspoon, 14 B. Mon. 270.

Marat did not execute the bond as required by section 240, *supra*. It was erroneous to render any judgment in his favor until that was done.

Although the proceedings in the cases of Price against appellant and of Louisa Fox against him were irregular and the grounds stated in their respective affidavits insufficient to authorize attachments, still, as they dismissed their suits, appellant was not prejudiced by said irregularities, and his appeal against them must be dismissed.

No judgment appearing to have been rendered in the court below in favor of Bosley and Storms & Phillips, the appeal as to them will also be dismissed.

The receipt of a part of the purchase money for the sale of the real estate before the bonds therefor matured, and the payment of the same over to the creditors, was not prejudicial to appellant; he had the same right to except to the report and sale, and to resist the confirmation thereof, that he would have had if the money had not been paid.

But for the errors indicated the judgment for a sale of the whiskey for the benefit of Huffman, Duncan & Co. is reversed, and the cause remanded for further proceedings, and the judgment for the sale of the real estate is reversed for the reasons herein stated against Marat, Hopper, Terrill, Smith & Gallagher, E. B. Beazley, and Lucy Beazley, and appellant will recover his costs against them; he will also recover his costs against Huffman, Duncan & Co.

Price, Fox, etc., Bosley, and Storms & Phillips will recover their costs of appellants, and the appeal as to them is dismissed.

It is proper to add for the purpose of preventing further litigation that the reversal of the judgments in these cases will not avoid the sales.